UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV EARS, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>JOYSHIYA DEVELOPMENT LIMITED; SHENZHEN SUPERSTAR ELECTRONICS CO., LTD.; SHENZHEN JOYSHIYA ELECTRONIC CO. LTD.; SHENZHEN SIMOLIO ELECTRONIC CO., LTD.,<br><br>                                    Defendants. | Case No.:  3:20-cv-01708-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

The matters pending before the Court are the Motion to Dismiss filed by Defendant Shenzhen Simolio Electronic Co., Ltd. (ECF No. 34) and the Motion to File Documents Under Seal filed by Plaintiff TV Ears, Inc. (ECF No. 36).

## I.    PROCEDURAL BACKGROUND

On September 1, 2020, Plaintiff TV Ears, Inc. initiated this action by filing a Complaint against Defendants Joyshiya Development Limited ("Joyshiya Development"); Shenzhen Superstar Electronics Co. Ltd. ("Shenzhen Superstar"); Shenzhen Joyshiya Electronic Co. Ltd. ("Shenzhen Joyshiya"); and Zhuoya Gao.  On November 16, 2020,

Plaintiff filed a First Amended Complaint that added Shenzhen Simolio Electronic Co., Ltd. ("Shenzhen Simolio") as a Defendant.  On February 17, 2021, the Clerk of the Court entered default against all Defendants named in the First Amended Complaint.  (ECF No. 19).

On March 5, 2021, Defendants Shenzhen Simolio and Zhuoya Gao filed a Motion to Set Aside Default, and a Motion to Dismiss the First Amended Complaint.  On April 5, 2021, Plaintiff and Defendants Shenzhen Simolio and Zhuoya Gao filed a Joint Motion for Extension of Time to File Answer to Complaint and Withdraw Defendants' Motions to Dismiss and to Set Aside Default.  (ECF No. 27).  The joint motion requested that the Court: (1) permit Defendants Shenzhen Simolio and Zhuoya Gao to withdraw their Motion to Dismiss and Motion to Set Aside Default; (2) authorize Plaintiff to conduct jurisdictional written discovery and to file a second amended complaint; and (3) require Defendants Shenzhen Simolio and Zhuoya Gao to file a responsive pleading to the First Amended Complaint within seventy days if Plaintiff did not file a second amended complaint.  On April 8, 2021, the Court issued an Order granting the parties' joint motion.[1]  (ECF No. 28).

On June 30, 2021, Plaintiff filed a Second Amended Complaint against all Defendants named in the First Amended Complaint, except Zhuoya Gao.  (ECF No. 31). Plaintiff alleges that Defendants engaged in the "unauthorized use of Plaintiff's trademarks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' wireless TV audio products and/or in Defendants' unauthorized use, importation, offer for sale, and sale of Defendants' wireless TV audio products."  (*Id*. ¶ 1).  Plaintiff brings the following ten causes of action: (1) federal trademark infringement; (2) infringement of United States Design Patent No.

---

[1] The Court's Order (ECF No. 28) did not set aside the entry of default as to Defendants Shenzhen Simolio and Zhuoya Gao.  However, the joint motion (ECF No. 27) requested that Defendants Shenzhen Simolio and Zhuoya Gao be permitted to file responsive pleadings, and default as to Defendants Shenzhen Simolio and Zhuoya Gao is set aside.

D582,900; (3) federal trademark counterfeiting; (4) federal trade dress infringement; (5) federal unfair competition and false designation; (6) federal dilution by blurring; (7) trademark infringement under the common law; (8) California unfair competition; (9) contributory trademark infringement; and (10) contributory patent infringement. Plaintiff seeks injunctive relief, declaratory relief, enhanced and statutory damages, accounting and paying over to Plaintiff Defendants' profits, costs and reasonable attorneys' fees, and "such other and further relief as the Court deems just and proper." (*Id*. at 45-47).

On July 14, 2021, Defendant Shenzhen Simolio filed a Motion to Dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34). On August 6, 2021, Plaintiff filed an Opposition (ECF No. 35), and a Motion to File Documents Under Seal (ECF No. 36), seeking to seal documents filed as exhibits to Plaintiff's Opposition. On August 13, 2021, Defendant Shenzhen Simolio filed a Reply. (ECF No. 39). On November 8, 2021 Defendant Shenzhen Simolio filed a Response in support of Plaintiff's Motion to File Documents Under Seal. (ECF No. 42).

## II.      ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff is a Nevada corporation that has its principal place of business in Spring Valley, California. Plaintiff "has been a market leader in the TV listening device market for over 20 years" and has sold over three million TV listening devices. (ECF No. 31 ¶ 7). Plaintiff is the owner of United States Design Patent No. D582,900 ("the '900 patent"), which "claims the ornamental design . . . for a dual headset cradle." (*Id*. ¶¶ 30-32). Plaintiff is the owner of "United States Trademark Registration No. 3387270 . . . for TV • EARS for infrared audio headphone products." (*Id*. ¶ 38). Plaintiff "has used the TV • EARS and TV EARS marks . . . in commerce throughout the United States continuously since April 10, 1998 in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of infrared audio headphone products, wireless headsets, and assistive listening devices." (*Id*. ¶ 39). Plaintiff is also the owner of several

other trademarks that include the terms "VOICE CLARIFYING" and "DUAL DIGITAL." (*Id.* ¶¶ 40-43).

Defendant Shenzhen Simolio is a supplier of consumer electronics and is "directly affiliated" with Defendants Joyshiya Development and Shenzhen Superstar. (*Id.* ¶ 20). A shareholder of Defendant Shenzhen Simolio is the current owner of U.S. trademarks for "Joyshiya" and "Simolio." (*Id.* ¶ 9). The Simolio brand name is used on the joyshiya.com website, which is owned and/or operated by Defendants Joyshiya Development, Shenzhen Superstar, and Shenzhen Joyshiya. "[A]t all times relevant to the matters asserted in this case, Defendants were working at the direction of each other, and for their individual and mutual benefit." (*Id.* ¶ 21).

In April 2016, Plaintiff filed an action in this Court "against SYK Group, LLC; Liberty Health Supply, LLC; TrueDio, LLC; and Sam Y. Kim (hereinafter 'TrueDio Defendants') involving [ ] claims of intellectual property infringement of TV EARS trademarks related to the marketing and sale of TrueDio assisted listening devices." (*Id.* ¶¶ 59-60). In May 2017, "the Court entered a Stipulated Permanent Injunction against Liberty Health Supply, LLC and TrueDio LLC . . . permanently enjoining those particular Defendants from . . . using the terms TV EARS, DUAL DIGITAL, and VOICE CLARIFYING in connection with marketing, sales, or display of any product or services." (*Id.* ¶ 61).

"[O]ne or more of the Defendants in this case, working individually and/or in concert with each other, were involved in the manufacturing of products that were the subject of the prior litigation against the TrueDio Defendants." (*Id.* ¶ 62). "[W]hen the TrueDio Defendants were enjoined from engaging in infringing activities," Defendants in this case "lost a significant amount of revenue." (*Id.* ¶ 63). "[E]ach of the Defendants in this case . . . simply adopted the same unlawful tactics previously used by the TrueDio Defendants" by "collectively engag[ing] in a scheme to distribute knock-off TV Ears products in the United States . . . despite being made aware of the prior lawsuit . . . ." (*Id.* ¶¶ 64-65).

"TV hearing assistance products under the Simolio brands are being advertised, promoted, and offered for sale on the joyshiya.com website to consumers in the U.S." (*Id.* ¶ 68). These products are also being offered for sale through Defendant Shenzhen Simolio's "Simolio Direct" storefront on Amazon.com. (*Id.* ¶ 69). Defendants "repeatedly use and display Plaintiff's Marks in product titles, banners, product descriptions, navigation paths, keywords, metatags, HTML code tags, or in other visually prominent ways . . . ." (*Id.* ¶ 71). Defendant Shenzhen Simolio "uses terms such as 'TV EARS' . . . and 'DUAL DIGITAL' as keywords in [its] Amazon product listings and for sponsored advertisement placement to deceptively attract consumers that may be searching for Plaintiff's products on Amazon." (*Id.* ¶ 82). Defendants' "counterfeit products are likely to deceive, confuse, and mislead purchasers and prospective purchasers that are shopping online into believing that these unlicensed and unauthorized products are authorized by Plaintiff." (*Id.* ¶ 78). Defendants "targeted Plaintiff with the specific intent to market and sell off of Plaintiff's established goodwill, trade dress, and its trademarks." (*Id.* ¶ 81).

Defendants also infringe Plaintiff's '900 patent by selling dual headset cradles that are "substantially the same." (*Id.* ¶ 85). Defendants "willfully and knowingly infringed Plaintiff's rights in the '900 patent." (*Id.* ¶ 87).

Defendants "regularly have solicited business in California and in this District, have transacted and done business in California and this district, sold infringing products to California consumers, and have wrongfully directed and caused injury to Plaintiff in California and in this District, such injury being reasonably foreseeable . . . ." (*Id.* ¶ 5).

## III.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Shenzhen Simolio contends that Plaintiff's Second Amended Complaint should be dismissed for lack of personal jurisdiction. Defendant Shenzhen Simolio contends that the Court lacks general jurisdiction because Plaintiff fails to allege and present facts to show that Defendant Shenzhen Simolio "maintained 'continuous' 'systematic' and 'substantial' contacts with California." (ECF No. 34 at 11). Defendant Shenzhen Simolio contends that the Court lacks specific jurisdiction because Plaintiff fails

to allege and present facts to show that Defendant Shenzhen Simolio targeted California residents. Defendant Shenzhen Simolio contends that "[r]equiring a foreign entity that maintains only a passive website to answer claims in the United States offends due process." (*Id.* at 12). Defendant Shenzhen Simolio contends that any sales of its allegedly infringing products to California consumers were fulfilled by Amazon and cannot be the basis for exercising specific jurisdiction. Defendant Shenzhen Simolio contends that it has no relationship or connection to the TrueDio defendants involved in prior litigation.[2]

Plaintiff contends that the Court has specific jurisdiction over Defendant Shenzhen Simolio. Plaintiff contends that Defendant Shenzhen Simolio committed an intentional act "by specifically targeting and using Plaintiff's registered TV EARS trademark to promote its infringing products." (ECF No. 35 at 10). Plaintiff contends that Defendant Shenzhen Simolio "expressly aimed [its] acts at California" because "Defendant [Shenzhen Simolio] knew that Plaintiff was based in California at the time [Defendants] devised and implemented their trademark infringement scheme . . . " as a result of the prior litigation involving the TrueDio defendants. (*Id.* at 10-11). Plaintiff further contends that the express aiming requirement is satisfied because Defendant Shenzhen Simolio "has conducted *more than a thousand* transactions with California residents" and had "customer service communications with at least one consumer . . . who was from California." (*Id.* at 13). Plaintiff contends that Defendant Shenzhen Simolio caused harm known to be suffered in California, at Plaintiff's principal place of business. Plaintiff contends that its claims "are all directly related to [Defendant Shenzhen Simolio's] sales of competing products in California and elsewhere." (*Id.* at 15). Plaintiff contends that the exercise of jurisdiction is reasonable.

---

[2] The allegations in the Second Amended Complaint concerning Defendants' connection to the TrueDio defendants are uncontroverted by affidavit or other evidence. On a motion to dismiss for lack of personal jurisdiction, the Court must accept these allegations as true. *Compare Mavrix Photo*, 647 F.3d at 1223 ("uncontroverted allegations in the complaint must be taken as true."), *with Data Disc, Inc. v. Sys. Tech, Assocs., Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977) ("[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit.")

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In opposing a defendant's Rule 12(b)(2) motion, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where the court considers the motion without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010), *abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017)). "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). "[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit, but we resolve factual disputes in the plaintiff's favor." *Id.* (alteration in original). In other words, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Axiom Foods*, 874 F.3d at 1067. "California authorizes its courts to exercise jurisdiction to the full extent that such exercise comports with due process." *Id.*; *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). "Accordingly, 'the jurisdictional analyses under [California] state law and federal due process are the same.'" *Axiom Foods*, 874 F.3d at 1067 (alteration in original) (quoting *Mavrix Photo*, 647 F.3d at 1223). "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant–general jurisdiction and specified jurisdiction." *Boschetto*, 539 F.3d at 1016. Plaintiff does not contend that this Court has general jurisdiction over Defendant Shenzhen Simolio.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Axiom Foods*, 874 F.3d at 1068 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). "Two principles animate the 'defendant-focused' inquiry." *Id.* (quoting *Walden*, 571 U.S. at 284). "First, the relationship between the nonresident defendant, the forum, and the litigation 'must arise out of contacts that the defendant *himself* creates with the forum state.'" *Id.* (quoting *Walden*, 571 U.S. at 284). "Second, the minimum contacts analysis examines 'the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'" *Id.* (quoting *Walden*, 571 U.S. at 285). "It follows that 'a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.'" *Id.* (quoting *Walden*, 571 U.S. at 286).

"In a specific jurisdiction inquiry, we consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). "A strong showing on one axis will permit a lesser showing on the other." *Id.* "'[S]ome single or occasional acts' related to the forum may not be sufficient to establish jurisdiction if 'their nature and quality and the circumstances of their commission' create only an 'attenuated' affiliation with the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). "A defendant's 'random, fortuitous, or attenuated contacts' will not suffice." *Id.* (quoting *Walden*, 571 U.S. at 286).

The Court of Appeals employs a three-prong test to assess whether a defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum";
> (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and
> (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable."

3:20-cv-01708-WQH-BGS

*Axiom Foods*, 874 F.3d at 1068 (alteration in original) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).  "The plaintiff bears the burden of satisfying the first two prongs of the test."  *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802).  "If the plaintiff meets that burden, 'the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable.'"  *Id.* at 1068-69 (quoting *Schwarzenegger*, 374 F.3d at 802).

**Purposeful Direction**

For causes of action sounding in tort, the Court of Appeals applies the purposeful direction test.  *See id.* at 1069 ("Where, as here, a case sounds in tort, we employ the purposeful direction test.").  Alleged trademark and patent infringement qualifies as tortious conduct under the test.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019-20 (9th Cir. 2002) (applying test to case involving trademark infringement).  The purposeful direction test, "often referred to as the 'effects' test, derives from *Calder v. Jones*, 465 U.S. 783 . . . (1984)."  *Axiom Foods*, 874 F.3d at 1069.  To satisfy the *Calder* test, "[t]he defendant must have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'"  *Id.* (quoting *Mavrix Photo*, 647 F.3d at 1228).

The first prong of the purposeful direction inquiry requires that the defendant committed an intentional act.  This merely requires the defendant to have an "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act."  *Schwarzenegger*, 374 F.3d at 806.

The Second Amended Complaint alleges that Defendant "Shenzhen Simolio is a supplier of consumer electronic products, such as wireless headsets, wireless headphones, and TV hearing aids."  (ECF No. 31 ¶ 19).  The Second Amended Complaint alleges that "TV hearing assistance products under the Simolio brands are being advertised, promoted, and offered for sale through Amazon.com to consumers in the U.S. through the . . . the direct seller page of Shenzhen Simolio on Amazon.com."  (*Id.* ¶ 69).  Plaintiff submitted supporting exhibits of Defendant Shenzhen Simolio's Amazon transactions in the U.S. and

California.  Plaintiff alleges and presents facts to show an intentional act by Defendant Shenzhen Simolio.  *See, e.g., Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1068 (S.D. Cal. 2019) ("Because Defendants developed, advertised, and sold the product, the Court finds Plaintiff has carried her burden to show an intentional act by Defendant.").

The second prong of the purposeful direction inquiry requires that the defendant expressly aimed its conduct at the forum state.  A plaintiff must demonstrate that the forum is the "focal point" of both the claims and the harm suffered.  *Axiom Foods*, 874 F.3d at 1071 (quoting *Walden*, 571 U.S. at 287).  A plaintiff must prove that "the 'effects' caused by the defendants' [conduct]—*i.e.*, the injury to the plaintiff[] . . . —connected the defendants' conduct to California, not just to a plaintiff who lived there.  *Walden,* 571 U.S. at 288.  In the context of tortious conduct on the internet, courts have considered several factors, "including the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant individually targeted a plaintiff know to be a forum resident."  *Mavrix Photo*, 647 F.3d at 1229.

The Second Amended Complaint alleges that "Plaintiff is a corporation that is incorporated in Nevada and has its principal place of business in Spring Valley, California."  (ECF No. 31 ¶ 7).  The Second Amended Complaint alleges that in a prior lawsuit the Court entered an injunction against "SYK Group, LLC; Liberty Health Supply, LLC; TrueDio, LLC; and Sam Y. Kim," enjoining them "from many of the same infringing activities at issue here."  (*Id.* ¶ 60).  The Second Amended Complaint alleges that "one or more of the Defendants in this case . . . were involved in the manufacturing of products that were the subject of the prior litigation against the TrueDio Defendants."  (*Id.* ¶ 62).  The Second Amended Complaint alleges that "Defendants in this case lost a significant amount of revenue" because of the injunction.  (*Id.* ¶ 63).  The Second Amended Complaint alleges that Defendants "adopted the same unlawful tactics previously used by the TrueDio Defendants in order to restore sales in the U.S. of hearing assistance devices."  (*Id.* ¶ 64).  The Second Amended Complaint alleges that "Defendants collectively engaged in a scheme to distribute knock-off TV Ears products . . . despite being made aware of the prior

lawsuit which made similar claims against the TrueDio Defendants." (*Id.* ¶ 65).   The Second Amended Complaint adequately alleges facts to support an inference that Defendant Shenzhen Simolio engaged in wrongful conduct targeted at a plaintiff whom Defendant knows to be a resident of the forum state.  *See Axiom Foods*, 874 F.3d at 1069 ("A theory of individualized targeting alleges that a defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" (quoting *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) *abrogated on other grounds as recognized by Hungerstation LLC v. Fast Choice LLC*, 857 Fed. Appx. 349, 352 (9th Cir. 2021))).

Individualized targeting, by itself, is insufficient for the Court to exercise personal jurisdiction over Defendant Shenzhen Simolio.  *See Ayla, LLC v. Alya Skin Pty. Ltd.,* No. 20-16214, 2021 WL 3823624, at *4 (9th Cir. Aug. 27, 2021) ("Express aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum . . . .").  "'[S]omething more'—conduct directly targeting the forum" is required.  *Rio Properties*, 284 F.3d at 1020 (quoting *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998).  However, individualized targeting "may remain relevant to the minimum contacts inquiry."  *Axiom Foods*, 874 F.3d at 1070.

In *Calder*, a libel action, the Supreme Court held that jurisdiction in the forum was proper even though the defendants wrote and edited the allegedly libelous material outside the forum and were not responsible for its circulation in the forum.  *Calder*, 465 U.S. at 791.  The Supreme Court in *Walden* stated that the outcome in *Calder* was "largely a function of the nature of the libel tort."  *Walden*, 571 U.S. at 287. The Court explained:

> [B]ecause publication to third persons is a necessary element of libel, the defendants' intentional tort actually occurred in California.  In this way, the 'effects' caused by the defendants' article—*i.e.,* the injury to the plaintiff's reputation in the estimation of the California public—connected the defendants' conduct to *California,* not just to a plaintiff who lived there.

*Id.* at 288.

Like libel, a trademark infringement claim requires demonstrating an in-forum effect on the public—likelihood of confusion—as an essential element of the cause of action. *See OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018) (To prevail on [a trademark infringement claim], a plaintiff must show that: 1) it has a valid, protectable mark, and 2) the defendant's use of the mark is likely to cause consumer confusion."). In this case, the likelihood of confusion to California consumers, an element of a trademark infringement claim, connects "[D]efendant's conduct to California, not just to a plaintiff who lived there." *Walden,* 571 U.S. at 288; *see Nissan Motor Co. v. Nissan Comput. Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) ("California has a strong interest in protecting its citizens from trademark infringement and consumer confusion.").

The Second Amended Complaint further alleges that "Defendants regularly have solicited business in California and in this District, have transacted and done business in California and this district, [and] sold infringing products to California consumers . . . ." (ECF No. 31 ¶ 5). Plaintiff's supporting exhibits of Defendant Shenzhen Simolio's Amazon transactions show that approximately 1,118 of Defendant Shenzhen Simolio's Amazon transactions occurred with California based customers—approximately 15% of Defendant Shenzhen Simolio's total U.S. Amazon transactions. (Ex. 2 to Clark Decl., ECF No. 35-2; Ex. 3 to Clark Decl., ECF No. 35-3). A defendant's suit-related commercial ties to a forum can serve as "something more" to provide a basis for the exercise of personal jurisdiction. *See Boschetto*, 539 F.3d at 1011 (9th Cir. 2008) (stating that jurisdiction could be proper where "defendant was using the [online] platform as a broader vehicle for commercial activity"); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) ("the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)). In this case, Plaintiff alleges and presents facts to show that Defendant Shenzhen Simolio conducts regular and substantial business with California residents. *See, e.g., Adobe Sys. Inc. v. Nwubah*, No. 18-cv-06063-LHK, 2020 WL 3432639, at *8 (N.D.

Cal. June 23, 2020) (holding that 863 sales constituting approximately 18% of total sales were "regular" and sufficient to satisfy the express aiming prong); *Mysfyt, Inc. v. Lum*, No. 16-cv-03813-KAW, 2016 WL 6962954, at *3 (N.D. Cal. Nov. 29, 2016) (same for sales of 888 units on Amazon, 20% of the total).

The Supreme Court's concern in *Walden*—that a defendant could be forced to litigate in a forum solely because the defendant was aware that the plaintiff resided there—is not implicated in this case. Personal jurisdiction is supported by facts to show Defendant Shenzhen Simolio's alleged regular and substantial business with California residents. The resulting likelihood of confusion to consumers in California—an element of Plaintiff's trademark infringement claim—further connects Defendant Shenzhen Simolio's in-state business to California itself.

The third prong of the purposeful direction inquiry requires that the defendant caused harm that the defendant knows is likely to be suffered in the forum state. A corporation suffers harm "where the corporation has its principal place of business." *Dole Food*, 303 F.3d at 1113. The Second Amended Complaint alleges that Plaintiff is "a corporation that is incorporated in Nevada and has its principal place of business in Spring Valley, California." (ECF No. 31 ¶ 7). The Second Amended Complaint alleges that "Defendants collectively engaged in a scheme to distribute knock-off TV Ears products . . . despite being made aware of [Plaintiff's] prior lawsuit which made similar claims against the TrueDio Defendants." (*Id.* ¶ 65). Plaintiff alleges and presents fact sufficient to support an inference that Defendant Shenzhen Simolio engaged in wrongful conduct targeted at Plaintiff, with the knowledge that Plaintiff was a resident of California. The Court concludes that the facts alleged in the Second Amended Complaint plausibly demonstrate that Defendant Shenzhen Simolio committed an intentional act, expressly aimed at California, and causing harm that Defendant Shenzhen Simolio knows is likely to be suffered in California.

///

///

**Relationship Between Claim and Forum-Related Activities**

"[T]he claim must be one which arises out of or relates to the defendant's forum-related activities." *Axiom Foods*, 874 F.3d at 1068 (alteration in original) (quoting *Dole Food*, 303 F.3d at 1111). Defendant Shenzhen Simolio's forum-related activities were its sales of its products to consumers in California. Defendant Shenzhen Simolio's alleged violations of Plaintiff's intellectual property rights arise out of these sales. Plaintiff alleges and presents facts sufficient to demonstrate that Defendant Shenzhen Simolio purposefully established minimum contacts within California.

**Reasonableness**

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* Courts consider:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Ind. AB*, 11 F.3d 1482, 1487-88 (9th Cr. 1993).

The Second Amended Complaint adequately alleges facts to support that Defendant Shenzhen Simolio had regular and substantial business with California residents causing a likelihood of confusion to consumers in California, and willfully infringed on Plaintiff's intellectual property rights with the knowledge that Plaintiff would be harmed in California. The first factor weighs in favor of asserting jurisdiction.

14

Defendant Shenzhen Simolio is a foreign entity organized under the laws of China. "The Supreme Court has recognized that defending a lawsuit in a foreign country can impose a significant burden on a nonresident alien." *Core-Vent*, 11 F.3d at 1488. However, "'[u]nless such inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'" *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991) (quoting *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir.1986)) (alteration in original). The Second Amended Complaint alleges facts to support an inference that Defendant Shenzhen Simolio knowingly engaged in wrongful conduct—the sale of infringing products—to avoid the effect of an injunction issued by a court in California on Defendant Shenzhen Simolio's business dealings. This alleged conduct further mitigates the concern for the inconvenience to Defendant Shenzhen Simolio. *Cf. Reebok Intern. Ltd. V. McLaughlin*, 49 F.3d 1387, 1391-92 (9th Cir. 1995) (stating that the exercise of personal jurisdiction for a contempt proceeding over a nonparty who knowingly aids the violation a court order but has no other contacts with a forum "may be sound, even necessary"). On balance, the second factor is neutral.

There are no facts that suggest that China has a strong interest in adjudicating this dispute or that adjudication in California will conflict with China's sovereign interests. The suit concerns Defendant Shenzhen Simolio's business activity in the United States and Plaintiff alleges violations of United States law in connection with Plaintiff's United States intellectual property rights. The third factor weighs in favor of asserting jurisdiction. *See Dole Food*, 303 F.3d at 1115 (examining "the competing sovereign interests in regulating [the parties'] behavior").

"California has a strong interest in providing a forum for its residents and citizens who are tortiously injured." *Id.* at 1115-16; *see also Nissan Motor*, 89 F. Supp. 2d at 1161 ("California has a strong interest in protecting its citizens from trademark infringement and consumer confusion."). Plaintiff's primary place of business is in California. Plaintiff

alleges and present facts to show that consumers in California purchased Defendant Shenzhen Simolio's products. The fourth factor weighs in favor of asserting jurisdiction.

"In evaluating [the fifth] factor, we have looked primarily at where the witnesses and the evidence are likely to be located." *Core-Vent*, 11 F.3d at 1489. On the current record, it is difficult to determine the most efficient forum in which to litigate the dispute. On balance, the fifth factor is neutral.

California is likely the most convenient forum to Plaintiff because Plaintiff's principal place of business is located in the forum. However, "[i]n this circuit, the Plaintiff's convenience is not of paramount importance." *Dole Food*, 303 F.3d at 1116. The sixth factor weighs in favor of asserting jurisdiction.

Plaintiff bears the burden of proving the unavailability of an alternative forum. *See Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007). Plaintiff states "An alternative forum in the U.S. does not appear to exist." (ECF No. 35 at 17). The declaration of Xiangfeng Li, the "vice general manager of Shenzhen Simolio Electronic Co., LTD," offered in support of Defendant Shenzhen Simolio's Motion to Dismiss, states: "[Defendant Shenzhen Simolio] has no officers or employees within the United States. [Defendant Shenzhen Simolio] does not own any property and has no interest in any property with the United States . . . . [Defendant Shenzhen Simolio] does not target any specific audience, venue, forum, or state." (Declaration of Xiangfeng Li, Ex. A to Motion to Dismiss, ECF No. 34-1 at 2-3). Plaintiff's contention that an alternative forum is unavailable does not satisfy Plaintiff's burden. However, taken together with the facts alleged in the Second Amended Complaint and the declaration offered by Defendant Shenzhen Simolio, on balance, this factor is neutral.

Four of the seven factors weigh in favor of asserting jurisdiction while none weigh against. The Court concludes that exercising jurisdiction is reasonable and comports with "fair play and substantial justice." *See Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995) (stating that the defendant "has not presented a 'compelling case' that exercising jurisdiction over it would be unreasonable" where "neither party is clearly

favored in the final balance"). Defendant Shenzhen Simolio's Motion to Dismiss for lack of personal jurisdiction is denied.

## IV.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)).

The court must accept as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 679. The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

1    "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only

2    if the defendant shows some obvious bar to securing relief on the face of the complaint."

3    *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014), *as corrected*

4    (Aug. 27, 2014).   "If, from the allegations of the complaint as well as any judicially

5    noticeable materials, an asserted defense raises disputed issues of fact, dismissal under

6    Rule 12(b)(6) is improper."   *Id.* (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.

7    1984) (per curiam)).

8    **Fair Use**

9    Defendant Shenzhen Simolio contends that Plaintiff's Second Amended Complaint

10    should be dismissed for failure to state a claim.   Defendant Shenzhen Simolio contends

11    that Plaintiff's claims for federal trademark infringement (Count I), federal trademark

12    counterfeiting (Count III), federal and California unfair competition (Count V and VIII),

13    federal dilution (Count VI), common law trademark infringement (Count VII), and

14    contributory infringement (Count IX) should be dismissed because Defendant Shenzhen

15    Simolio's use of Plaintiff's trademarked terms was descriptive of Defendant Shenzhen

16    Simolio's goods and services, and permitted under the fair use doctrine.

17    Plaintiff contends that the Second Amended Complaint adequately alleges facts to

18    show that Defendant Shenzhen Simolio used Plaintiff's trademarked terms in a non-

19    descriptive, infringing manner.   Plaintiff further contends that its trademark-related claims

20    should not be dismissed because the Second Amended Complaint alleges that Defendant

21    Shenzhen Simolio was aware of the prior lawsuit involving the TrueDio Defendants and

22    adopted their infringing practices.

23    In trademark law, fair use is a defense that

24    the use of the name, term, or device charged to be an infringement is a use,
     otherwise than as a mark . . . of a term or device which is descriptive of and
25    used fairly and in good faith only to describe the goods or services of such
     party, or their geographic origin.
26

27    15 U.S.C. § 1115(b)(4).   Fair use is a defense to claims for trademark infringement,

28    trademark counterfeiting, federal and California unfair competition, dilution, common law

18

trademark infringement, and contributory infringement. *See, e.g., Rolex Watch U.S.A., Inc. v. Agarwal*, No. CV 12-06400-MMM-MRWx, 2012 WL 12886444, at *6 (C.D. Cal. Dec. 17, 2012) (trademark infringement and counterfeiting); *Applied Underwriters Inc. v. Lichtenegger*, No. 2:15-cv-02445-TLN-CKD, 2017 WL 2881517, at *5 (E.D. Cal. July 6, 2017) (federal and California unfair competition); *Playboy Enter., Inc. v. Welles*, 7 F. Supp. 2d 1098, 1105 (S.D. Cal. 1998) (dilution); *Louis Vuitton Malletier S.A. v. Akanoc Solutions, Inc.*, 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008) (stating that claims for contributory infringement require an underlying direct infringement).   To assert this defense "[a] defendant must show that its use is (1) other than as a trademark, (2) descriptive of the defendant's goods, and (3) in good faith." *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 935 (9th Cir. 2017).

The "good faith" element requires analysis of "whether defendant in adopting its mark intended to capitalize on plaintiff's good will." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1043 (9th Cir. 2010).   The Second Amended Complaint alleges that "one or more of the Defendants in this case . . . were involved in the manufacturing of products that were the subject of the prior litigation against the TrueDio Defendants."  (ECF No. 31 ¶ 62).   The Second Amended Complaint alleges that "Defendants collectively engaged in a scheme to distribute knock-off TV Ears products . . . despite being made aware of the prior lawsuit which made similar claims against the TrueDio Defendants."  (*Id.* ¶ 65).   These allegations are sufficient to plausibly demonstrate a lack of good faith on the part of Defendant Shenzhen Simolio.   *See Marketquest Grp.*, 862 F.3d at 937 (stating that evidence that the defendant "knew of the mark" and "disregard[ed] [ ] the plaintiff's rights" is relevant in determining whether the good faith requirement is satisfied); *see also Fortune Dynamic*, 618 F.3d at 1043 (holding that a "failure to investigate whether someone held a [ ] trademark," combined with evidence that such investigation was a standard industry practice provided "support for a jury's potential finding" of lack of good faith).  Defendant Shenzhen Simolio's Motion to Dismiss Plaintiff's claims for federal trademark infringement (Count I), federal trademark

counterfeiting (Count III), federal and California unfair competition (Count V and VIII), federal dilution (Count VI), common law trademark infringement (Count VII), and contributory infringement (Count IX) is denied.

**Design Patent Infringement**

Defendant Shenzhen Simolio contends that Plaintiff's claims for direct and contributory design patent infringement (Counts II and X) should be dismissed because the design of the device it sells is "easily distinguishable to an ordinary observer" from Plaintiff's patented design. (ECF No. 34 at 16). Plaintiff contends that the '900 patent and the design of Defendants' device are not materially distinguishable.

The "ordinary observer" test, first promulgated by the Supreme Court in *Gorham Mfg. Co., v. White*, 81 U.S. 511 (1871), is used to determine whether a design patent has been directly or contributorily infringed (Counts II and X). A product violates the "ordinary observer" test when "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). Under the "ordinary observer" test, the claimed and accused designs are first compared to each other to determine if they are sufficiently similar—if so, the designs are then compared with prior art to help clarify differences between the two that might not be noticeable in the abstract. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). The determination of whether a design patent has been infringed is a question of fact that is generally inappropriate to decide on a motion to dismiss. *See Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1287 (Fed. Cir. 2002).

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23



Defendant identifies the following differences between the '900 Patent and Defendants' design, as pictured in the Second Amended Complaint: (1) "the '900 Patent shows a number of elongated oval shapes running along the top and bottom edges of the top surface, no such shapes appear on the Simolio product"; (2) "the '900 [P]atent has a top and bottom edge where the front and back side walls meet the top surface that are

distinctly beveled"; (3) "the shape of the two charging ports themselves are distinctly different with the '900 Patent claiming an inset cutout on the middle portion of the side walls"; (4) "the front side of the '900 Patent design requires 6 separate LED lights . . . . disposed symmetrically with three LED lights on each side of the center line" whereas "no such lights are present on the Simolio product"; (5) "the Simlio [sic] product is entirely different with an entirely different configuration of openings along the back side."  (ECF No. 34 at 21-23).

The parties have not presented any prior art through which the importance of the differences can be analyzed.  At the current stage in litigation, the Court is unable to conclude that an ordinary observer would not be deceived into believing that Defendants' device is the same as the patented design.  *See Ethicon Endo-Surgery, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) ("Differences . . . must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation."); *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed. Cir. 1984) *abrogated on other grounds as recognized by Converse, Inc. v. Int'l Trade Comm'n Sketchers U.S.A., Inc.*, 909 F.3d 1110 (Fed. Cir. 2018) ("[M]inor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement.").  Defendant Shenzhen Simolio's Motion to Dismiss Plaintiff's claims for direct and contributory patent infringement (Counts II and X) is denied.

**Trade Dress Infringement**

Defendant Shenzhen Simolio contends that Plaintiff's claim for trade dress infringement (Count IV) should be dismissed because the allegations in the Second Amended Complaint are conclusory and fail to adequately describe Plaintiff's claimed trade dress.  Defendant Shenzhen Simolio contends that even if the trade dress was described sufficiently, there is no risk of a substantial likelihood of confusion between Plaintiff and Defendant Shenzhen Simolio's devices.  Plaintiff contends that its claim for trade dress infringement is supported by a comparison picture contained in the Second

Amended Complaint, as well as allegations that the design of its headset cradle is distinctive and has acquired secondary meaning.

To establish a federal trade dress infringement claim, "a plaintiff must meet three basic elements: (1) distinctiveness, (2) nonfunctionality, and (3) likelihood of confusion." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998). Trade dress refers to "the 'total image of a product' and may include features such as size, shape, color, color combinations, texture or graphics.'" *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993) (quoting *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989). A plaintiff must clearly articulate the discrete elements of its product that constitute the trade dress. *See Sleep Sci. Partners v. Lieberman*, No. 09-04200-CW, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010) ("A plaintiff should clearly articulate its claimed trade dress to give a defendant sufficient notice.").

The Second Amended Complaint identifies Plaintiff's trade dress as "the design configurations [ ] depicted herein in Plaintiff's TV EARS Original, TV EARS Digital, TV Ears Long Range Headset, and TV EARS Dual digital products . . . ." (ECF No. 31 ¶ 111). The Second Amended Complaint includes pictures of the products. The Second Amended Complaint's description of Plaintiff's alleged trade dress is insufficient to give Defendant Shenzhen Simolio adequate notice of what elements constitute Plaintiff's claimed trade dress. *See Sleep Sci. Partners*, 2010 WL 1881770, at *3 (holding that trade dress for a website's "look and feel" was insufficient); *McCarthy on Trademarks and Unfair Competition* § 8:3 ("Whatever plaintiff may claim as the combination of elements making up its alleged trade dress in the product or its packaging and presentation, it is not adequate for the plaintiff to solely identify such a combination as 'the trade dress.' Rather, the discrete elements which make up that combination must be separated out and clearly identified in a list. All courts agree that the elements of the alleged trade dress must be clearly listed and described."). Plaintiff's inclusion of pictures of the designs does not cure the Second Amended Complaint's lack of specificity. *See Crafty Prods., Inc. v. Michaels Cos.*, 424 F. Supp. 3d 983, 992 (S.D. Cal. 2019) ("While pictures of products certainly help

the Court in understanding what is to be protected, merely attaching hundreds of images requires the Court to do all of the work for Plaintiffs."). Defendant Shenzhen Simolio's Motion to Dismiss Plaintiff's claim for trade dress infringement (Counts IV) is granted.

**Shotgun Pleading**

Defendant Shenzhen Simolio contends that the entire Second Amended Complaint should be dismissed as a "shotgun" pleading that impermissibly groups Defendants together without identifying what each Defendant did wrong and impermissibly incorporates all allegations in the Second Amended Complaint into each cause of action. Plaintiff contends that the Second Amended Complaint is not a "shotgun" pleading because it contains detailed factual allegations that satisfy Rule 8 of the Federal Rules of Civil Procedure. Plaintiff contends that if the allegations implicating Defendant Shenzhen Simolio are insufficient, Plaintiff should be granted leave to amend the Second Amended Complaint.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings that make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations are considered impermissible "shotgun" pleadings. *See Sollberger v. Wachovia Secs., LLC*, No. SACV 09-0766-AG-ANx, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (discussing types of "shotgun" pleadings). One type of impermissible "shotgun" pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Tuinstra v. Bonner County*, 2:21-cv-00074-DCN, 2021 WL 2534983, at *3 (D. Idaho June 21, 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)); *see Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) ("The district court made clear in this order that plaintiffs must amend their shotgun pleading to state[] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights. The second amended complaint was properly dismissed because it

failed to do this, continuing to make everyone did everything allegations." (internal quotations omitted) (alteration in original)). A second type of "shotgun" pleading is a complaint that incorporates a collection of general allegations into each count by reference. *See McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) (affirming dismissal of complaint in which "each claim incorporate[d] 122 paragraphs of confused factual allegations and then merely ma[de] perfunctory reference to a legal claim said to arise from these undifferentiated facts.")

The Second Amended Complaint alleges that Defendant Shenzhen Simolio is a supplier of consumer electronics and is "directly affiliated" with Defendants Joyshiya Development and Shenzhen Superstar. (ECF No. 31 ¶ 20). The Second Amended Complaint alleges that a shareholder of Defendant Shenzhen Simolio is the current owner of U.S. trademarks for "Joyshiya" and "Simolio." (*Id.* ¶ 9). The Second Amended Complaint alleges that the Simolio brand name is used on the joyshiya.com website, which is owned and/or operated by Defendants Joyshiya Development, Shenzhen Superstar, and Shenzhen Joyshiya. The Second Amended Complaint alleges that "at all times relevant to the matters asserted in this case, Defendants were working at the direction of each other, and for their individual and mutual benefit." (*Id.* ¶ 21). The Second Amended Complaint alleges that "TV hearing assistance products under the Simolio brands are being advertised, promoted, and offered for sale on the joyshiya.com website to consumers in the U.S." (*Id.* ¶ 68). The Second Amended Complaint alleges that these products are also being offered for sale through Defendant Shenzhen Simolio's "Simolio Direct" storefront on Amazon.com. (*Id.* ¶ 69). The Second Amended Complaint alleges that Defendant Shenzhen Simolio "uses terms such as 'TV EARS' . . . and 'DUAL DIGITAL' as keywords in [its] Amazon product listings and for sponsored advertisement placement to deceptively attract consumers that may be searching for Plaintiff's products on Amazon." (*Id.* ¶ 82).

The factual allegations contained in the Second Amended Complaint are sufficient to put Defendant Shenzhen Simolio on notice of how it is alleged to have violated Plaintiff's legal rights. That each claim incorporates every allegation by reference is not a

valid basis for dismissal in this case, because the claims have a common factual basis. *See Tuinstra*, 2021 WL 2534983, at *3 (stating that incorporation of all preceding allegations in each count is not a problem where this "does not confuse the claims and is necessary to state the claims because of how interrelated they are."). Defendant Shenzhen Simolio's Motion to Dismiss Plaintiff's claims on the basis that the Second Amended Complaint is an impermissible "shotgun" pleading is denied.

## V.   MOTION TO FILE DOCUMENTS UNDER SEAL

Plaintiff's Motion to File Documents Under Seal seeks the sealing of three documents produced by Defendant Shenzhen Simolio in jurisdictional discovery and filed as exhibits to Plaintiff's Opposition to Defendant Shenzhen Simolio's Motion to Dismiss. A protective order has not been entered. Exhibits Two and Three are spreadsheets containing information about Defendant Shenzhen Simolio's Amazon sales in the United States and in California, respectively. Exhibit Four is a record of customer communications on the Amazon platform.

Plaintiff contends that the documents should be sealed because they "contain certain information of Defendant [Shenzhen Simolio] that Defendant [Shenzhen Simolio] may contend is required to be maintained as confidential." (ECF No. 36 at 3). Defendant Shenzhen Simolio contends that sealing of Exhibits Two and Three is proper for the following additional reasons: (1) the documents "are not directly related to the merits of the case," as they do not prove infringement; (2) the documents include "detailed address information" of individual customers; (3) competitors could use the information contained in the documents to "target specific markets, locations, or users to unfairly compete" with Defendant Shenzhen Simolio; and (4) Defendant Shenzhen Simolio's agreement with Amazon requires Defendant Shenzhen Simolio to "keep all customer personal data confidential at all times." (ECF No. 42 at 3). Defendant Shenzhen Simolio contends that Exhibit Four should be sealed because it contains "details of private communications" with customers that include "strategies for handing [sic] customer returns and fixing any product issues" and because it includes "detailed order information and detailed customer names."

(*Id.* at 4).  Defendant Shenzhen Simolio requests that the Court allow the filing of redacted versions if the Court rules that the Exhibits should not be sealed.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Following the Supreme Court's lead, 'we start with a strong presumption in favor of access to court records.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "A party seeking to seal a judicial record [ ] bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135).  "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179) (alteration in original).  "The court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Kamakana*, 447 F.3d at 1179) (alteration in original).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).  "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99).

The compelling reasons standard is applicable because the motion for which the documents were offered—Defendant Shenzhen Simolio's Motion to Dismiss—is closely related to the underlying cause of action.  *See Ctr. for Auto Safety*, 809 F.3d at 1099 ("The focus in all of our cases [concerning the applicability of the compelling reasons standard] is on whether the motion at issue is more than tangentially related to the underlying cause of action.").  The designation of a document as "confidential" does not satisfy the compelling reasons standard.  *See, e.g., Houston Cas. Co. v. Cibus US LLC*, No. 19-cv-

00828-BAS-LL, 2021 WL 3678599, at *2 (S.D. Cal. Aug. 19, 2021) (ordering a party to file a response "that explains why there are compelling reasons to seal information . . . designated as confidential").  Defendant Shenzhen Simolio's agreement with Amazon to keep customer personal data confidential is also not a compelling reason to seal the documents.  *See, e.g., WatchGuard Tech., Inc. v. iValue Infosolutions Pvt. Ltd.*, No. C15-1697-BAT, 2017 WL 3581624, at *2 (W.D. Wash. Aug. 18, 2017) (stating that the fact that an agreement "may contain a confidentiality provision, without more, does not constitute a *compelling* reason to seal [ ] information").

Exhibits Two and Three contain information associated with individual purchases of Defendant Shenzhen Simolio's products on Amazon, including the date and time of the order, the numeric order ID, and the customer's city, state, and postal code.  Defendant Shenzhen Simolio's volume of sales and the location of its customers is central to the Court's decision on the Motion to Dismiss.  The parties do not explain how such information—in the absence of names, street addresses, telephone numbers, etc.—could be used to identify the specific individuals who purchased Defendant Shenzhen Simolio's products.  Under these circumstances, the reasons advanced by the parties for sealing (or redacting) Exhibits Two and Three are not compelling.  *See Foltz*, 331 F.3d at 1137 ("Simply redacting the identifying information of third parties (*e.g.,* their names, addresses, telephone numbers, and social security numbers) from these records and disclosing the remaining information would not injure the third parties."); *see also Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267-68 (N.D. Cal. 2019) (allowing redaction of information identifying "specific" customers because publication would allow competitors to "target their marketing efforts without expending similar time and resources to learn about the product testing needs of *particular* companies," and denying sealing of sales data that stated the number and types of tests performed (emphasis added)); *Triquint Semiconductor, Inc. v. Avago Tech. Ltd.*, No. cv 09-1531-PHX-JAT, 2011 WL 6182346, at *2 (D. Ariz. Dec. 13, 2011) (allowing redaction "solely" of customer names and other identifying information).

1  Exhibit Four is a record of communication between Defendant Shenzhen Simolio

2  and three different customers regarding those customers' issues with Defendant Shenzhen

3  Simolio's products.  The document contains order information, the customers' first names,

4  and the content of the communication between the customers and Defendant Shenzhen

5  Simolio.  When cross-referenced with the information in Exhibits Two and Three, the

6  identities of individual customers are discoverable.  The Exhibit is not relied upon in this

7  Order.  The Court concludes that compelling reasons exist to seal Exhibit Four and that the

8  public's interest in access to court records is not seriously affected.

9  **VI.   CONCLUSION**

10  IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Shenzhen

11  Simolio Electronic Co., Ltd. (ECF No. 34) is granted in part and denied in part. The motion

12  is granted as to Plaintiff TV Ears, Inc.'s fourth cause of action (trade dress infringement)

13  and is otherwise denied.

14  IT IS FURTHER ORDERED that the Motion to File Documents Under Seal filed

15  by Plaintiff TV Ears, Inc. (ECF No. 36) is granted in part and denied in part.  The motion

16  is granted as to Exhibit Four (ECF No. 35-4) and is otherwise denied.

17  Dated:  November 18, 2021

18  Hon. William Q. Hayes
United States District Court

19

20

21

22

23

24

25

26

27

28