UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV EARS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOYSHIYA DEVELOPMENT LIMITED, SHENZHEN SUPERSTAR ELECTRONICS CO., LTD., SHENZHEN JOYSHIYA ELECTRONIC CO. LTD., and SHENZHEN SIMOLIO ELECTRONIC CO., LTD., <br><br> Defendants. | Case No.: 3:20-cv-01708-WQH-BGS <br><br> **STIPULATED PERMANENT INJUNCTION** <br><br> Judge: Hon. William Q. Hayes <br><br> First Amended Complaint filed November 16, 2020 <br><br> ENE Conf: March 1, 2022 <br> Hon. Bernard G. Skomal |

### STIPULATED PERMANENT INJUNCTION

WHEREAS Plaintiff, TV Ears, Inc. ("Plaintiff" or "TV Ears"), and Defendant Shenzhen Simolio Electronic Co. Ltd ("Defendant Simolio") have agreed in a separate Settlement Agreement to settle the matters in issue between them. Defendant Simolio has further stipulated to entry of this Permanent Injunction.

WHEREAS on September 1, 2020, Plaintiff filed an action in the United States District Court for the Southern District of California, Case No. 3:20-cv-

1

01708-WQH-BGS, entitled *TV Ears, Inc. v. Joyshiya Development Limited, et al.*, alleging claims against the Defendants arising out of disputes over Plaintiff's trademarks for Federal Trademark Infringement (Count·I); Infringement of United States Design Patent No. D582,900; (Count II); Federal Trademark Counterfeiting (Count III); Federal Trade Dress Infringement (Count IV); Federal Unfair Competition and False Designation (Count V); Federal Dilution By Blurring (Count VI); Trademark Infringement under the Common Law (Count VII); California Unfair Competition (Count VIII); Contributory Trademark Infringement (Count IX); Contributory Patent Infringement (Count X).

WHEREAS this Court has subject matter jurisdiction over Plaintiff's claims and the Defendant Simolio pursuant to 28 U.S.C. §§ 1331, 1338(a). Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b).

WHEREAS Plaintiff has federally registered the following trademarks ("Registered Marks"), among others:

A. "TV • EARS" (US Registration Number 3387270) for the "infrared audio headphone products" with a first use date of August 10, 1997.

B. "VOICE CLARIFYING CIRCUITRY" (US Registration Number 4348897) for audio headphones; television set with wireless audio transmission to headphones; wireless headsets for use with television; TV speakers with a first use date of May 1, 2009.

C. VOICE CLARIFYING SOUND BAR (Registration No. 5957572), VOICE CLARIFYING HEADPHONES (Registration No. 5922749), VOICE CLARIFYING HEARING AIDS (Registration No. 5957571).

WHEREAS Plaintiff further asserts that it has established common law trademark rights in the words, among others, "DUAL DIGITAL" which has been used by Plaintiff in commerce throughout the United States continuously since as early as 2010 in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of audio headphones, wireless headsets, assistive listening devices, and TV listening systems ("Common Law Marks").

WHEREAS Plaintiff's Registered and Common Law Marks are referred to herein as "TV EARS Marks."

WHEREAS Defendant Simolio is a direct competitor of Plaintiff in its marketing, promotion and sale of certain products as set forth herein.

WHEREAS Defendant Simolio has represented and warranted that it is not affiliated with or under common ownership with the remaining named Defendants.

WHEREAS Defendant Simolio denies all claims made by Plaintiff in this action but has agreed to settle this matter as set forth in a fully executed Settlement Agreement dated April 5, 2022 ("Settlement Agreement"), as well as this Stipulated Permanent Injunction.

NOW, THEREFORE, Defendant Simolio stipulates and agrees that the following Permanent Injunction be entered consistent with a Settlement Agreement between the Parties.

**DEFINITIONS:**

For purposes of this Permanent Injunction, the following definitions shall apply:

    a. "Plaintiff" shall mean TV Ears, Inc. and its owners, employees, successors or assigns, as well as any affiliated entities.

    b. "Defendant Simolio" shall mean only Shenzhen Simolio Electronic Co. Ltd and its owners, employees, successors or assigns, as well as any affiliated entities, except as set forth below.

    c. The terms "Parties" and "Defendant Simolio" shall not include the other named Defendants in this action JOYSHIYA DEVELOPMENT LIMITED, SHENZHEN SUPERSTAR ELECTRONICS CO. LTD., or SHENZHEN JOYSHIYA ELECTRONIC CO. LTD..

    d. "Subject Words" shall mean "TV EARS," "DUAL DIGITAL," OR "VOICE CLARIFYING."

    e. "Competing Products" shall mean TV listening products and hearing aid products.

    f. Defendant Simolio represents that the only products that it is currently selling which meet the definition of Competing Products are the identified as: Simolio SM-823 Pro; SM-823D Pro; SM-824D1; SM-824D2; SM-863D; and SM-8245 models ("Currently Offered Competing Products"). This Permanent Injunction will cover and have immediate effect as to Currently Offered Competing Products.

    g. The Parties acknowledge that Defendant Simolio may offer to sell Competing Products in the future not identified as but similar to Currently Offered Competing Products ("Additional Competing Products"). This Permanent Injunction will cover Additional

4

Competing Products if they become the subject of this Injunction and agreed upon by Defendant Simolio as set forth in the Settlement Agreement.

This Court, having considered the Parties' joint stipulation for entry of a permanent injunction, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

Defendant Simolio, and its officers, agents, servants, and employees acting within the scope of their employment, and those persons or entities acting in active concert or participation with them are permanently enjoined as follows:

1. Defendant Simolio shall not challenge, interfere, solicit, encourage, or assist others to challenge or otherwise interfere with Plaintiff's right, title, interest or use of its domain names, or trademarks that incorporate the TV EARS Marks or TV Ears patents unless TV EARS claims trademark or patent infringement against Defendant Simolio in the future.

2. Defendant Simolio may not use the Subject Words, or any singular or plurals variations of the Subject Words or by combining the Subject Words into a single word, in connection with marketing, sale or display of for Currently Offered Competing Products. If applicable, Defendant will confirm in writing that it has ceased using the Subject Words for any Additional Competing Products after the expiration of the Notice Period as set forth in the Parties' Settlement Agreement.

3.  Defendant Simolio may not bid on the Subject Words, or any singular or plurals variations of the Subject Words or by combining the Subject Words into a single word, in its keyword advertising for Currently Offered Competing Products. If applicable, Defendant will cease bidding and confirm in writing that it has ceased bidding on the Subject Words for any Additional Competing Products after the expiration of the Notice Period as set forth in the Parties' Settlement Agreement.

4.  Within thirty (30) days of the entry of this Injunction, Defendant Simolio shall add the Subject Words as 'negative keywords' on Amazon's U.S. advertising platform related to the sale of Currently Offered Competing Products. Defendant will provide screenshots as proof of adding the Subject Words as negative keywords for Amazon's U.S. advertising platform being used by Defendant related to Currently Offered Competing Products within thirty days of entry of the stipulated permanent injunction. If applicable, Defendant will provide screenshots as proof of adding the Subject Words as negative keywords related to the sale of Additional Competing Products as set forth in the Settlement Agreement. The obligation to add the Subject Words as "negative keywords" on Amazon's advertising platform expires in one and an half years after the permanent injunction order is entered by the Court.

5. This Injunction shall not act as, or constitute an, admission by any Party that any Party, or any of their respective past or present officers, directors, shareholders, agents, employees, independent contractors, agents, accountants or attorneys, committed any wrongful act, nor shall this Injunction be construed to waive any rights against any third party not specifically included herein.

6. Violation of this Permanent Injunction shall expose the person or entity violating this Injunction to all applicable penalties, including contempt of Court.

///

///

///

7. Additional terms are incorporated in a **S**ettlement Agreement, executed by the Parties**.**

**IT IS SO STIPULATED.**

**TV EARS, INC.**

By: *George J Dennis (Apr 8, 2022 06:14 PDT)*
George Dennis

Its: Present
Title

**Shenzhen Simolio Electronic Co. Ltd**

By: *Xiangfong Li*

Its: Vice General Manager
Title

**IT IS SO ORDERED.**

Dated: April 9, 2022          *William Q. Hayes*