UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV EARS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>JOYSHIYA DEVELOPMENT LIMITED; SHENZHEN SUPERSTAR ELECTRONICS CO., LTD.; SHENZHEN JOYSHIYA ELECTRONIC CO. LTD.,<br><br>                    Defendants. | Case No.: 3:20-cv-01708-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Default Judgment filed by Plaintiff TV Ears, Inc. (ECF No. 66).

**I.     PROCEDURAL BACKGROUND**

On September 1, 2020, Plaintiff TV Ears, Inc. initiated this action by filing a Complaint against Defendants Joyshiya Development Limited ("Joyshiya Development"), Shenzhen Superstar Electronics Co. Ltd. ("Shenzhen Superstar"), Shenzhen Joyshiya Electronic Co. Ltd. ("Shenzhen Joyshiya"), and Zhuoya Gao. (ECF No. 1). The Complaint alleged that Defendants violated federal and California state law by engaging in the

"unauthorized use of Plaintiff's trademarks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' wireless TV audio products." (*Id.* ¶ 1).

On November 16, 2020, Plaintiff filed a First Amended Complaint ("FAC") that added Shenzhen Simolio Electronic Co., Ltd. ("Shenzhen Simolio") as a Defendant. (ECF No. 9).

On February 16, 2021, Plaintiff filed a Request for Entry of Clerk Default of Defendants. (ECF No. 18). On February 17, 2021, the Clerk of the Court entered default of Defendants. (ECF No. 19).

The Court subsequently set aside entry of default as to Defendants Gao and Shenzhen Simolio (*see* ECF No. 43 at 2), and the parties not in default engaged in jurisdictional discovery. On June 30, 2021, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 31). The SAC does not name Gao as a Defendant, brings the same ten causes of action against Defendants Shenzhen Simolio, Joyshiya Development, Shenzhen Superstar, and Shenzhen Joyshiya as the FAC, and requests the same relief as the FAC.[1]

On April 5, 2022, Plaintiff and Defendant Shenzhen Simolio entered into a settlement agreement. (*See* ECF No. 57 at 3). On April 19, 2022, the Court entered a Stipulated Permanent Injunction against Defendant Shenzhen Simolio. (ECF No. 60). On May 24, 2022, the Court granted the parties' Joint Motion to Dismiss the claims against Defendant Shenzhen Simolio. (ECF No. 63). All remaining Defendants—Joyshiya Development, Shenzhen Superstar, and Shenzhen Joyshiya—are in default.

On June 30, 2022, Plaintiff filed the Motion for Default Judgment against Defendants Joyshiya Development, Shenzhen Superstar, and Shenzhen Joyshiya. (ECF No. 66).

---

[1] Plaintiff was not required to serve the SAC on Defendants Joyshiya Development, Shenzhen Superstar, and Shenzhen Joyshiya. See Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.").

## II. DISCUSSION

Plaintiff requests default judgment against Defendants Joyshiya Development, Shenzhen Superstar, and Shenzhen Joyshiya on the claims alleged in the SAC.[2] "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Under the "purposeful direction" test, the plaintiff in a copyright or trademark action must demonstrate that an out-of-state defendant who has not appeared in the litigation and was served outside the forum state "expressly aimed" their conduct at the forum state in order for a court to have personal jurisdiction over that defendant. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).

The SAC alleges:

> This Court has personal jurisdiction over Defendants pursuant to Cal. Civ. Proc. Code § 410.10. Upon information and belief, Defendants regularly have solicited business in California and in this District, have transacted and done business in California and this district, sold infringing products to California consumers, and have wrongfully directed and caused injury to Plaintiff in California and in this District, such injury being reasonably foreseeable, and derives substantial revenue from interstate commerce.

(ECF No. 31 ¶ 5). However, "[e]xpress aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021). In addition, "[d]istrict courts have declined to find express aiming based on alleged sales of products that infringe intellectual property rights through commercial, interactive websites accessible to California consumers" when such sales comprise a small portion of a defendant's business. *Graco Minn. Inc. v. PF Brands, Inc.*, 18-cv-1690-WQH-AGS, 2019

---

[2] It is "well-established" that "an amended pleading supersedes the original pleading" and that "after amendment the original pleading no longer performs any function." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

WL 1746580, at *4 (S.D. Cal. Apr. 17, 2019) (collecting cases); *see Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070-71 (9th Cir. 2017) (holding that the online distribution of a promotional newsletter to 343 recipients, including ten California residents and 55 recipients with California companies, did not expressly aim at California as "[i]t can hardly be said that California was the focal point both of the newsletter and of the harm suffered") (quotation omitted).

Plaintiff does not address the issue of personal jurisdiction in its Motion for Default Judgment. The Court grants Plaintiff an opportunity to assert facts to support the exercise of personal jurisdiction over Defendants Joyshiya Development, Shenzhen Superstar, and Shenzhen Joyshiya. *See In re Tuli*, 172 F.3d at 713 (holding that when a court conducts a sua sponte review of personal jurisdiction on a motion for default judgment, it must give the plaintiff "notice and an opportunity to assert facts to establish [the defendant's] contacts with the [forum]").

### III. CONCLUSION

IT IS HEREBY ORDERED that no later than fourteen (14) days from the date of this Order, Plaintiff TV Ears, Inc. may file a response to this Order, presenting facts to support the Court's exercise of personal jurisdiction over Defendants Joyshiya Development Limited, Shenzhen Superstar Electronics Co. Ltd., and Shenzhen Joyshiya Electronic Co. Ltd.

Dated: September 8, 2022

Hon. William Q. Hayes
United States District Court

4

3:20-cv-01708-WQH-BGS